UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES LYNAM, *individually and on behalf
of Erin A. Lynam, a minor*

                      Plaintiff,

-against-                                            **OPINION & ORDER**
                                                              05-cv-2126 (SJF)(MLO)
DESIREE BEHR, et al.

                      Defendants.
------------------------------------------------------------X

FEUERSTEIN, J.

I.    Introduction

*Pro se* plaintiff James Lynam ("Plaintiff") commenced this action on April 25, 2005 against defendants Desiree Behr, Steven Behr, County of Suffolk, Town of Central Islip, Supervising Judge David Freundlich, Family Court of Suffolk County ("Judge Freundlich"), Chief Court Clerk Robert M. O'Mara, Family Court Suffolk County ("O'Mara"), Court Clerks "Joe and Jane Doe," (together with Judge Freundlich and O'Mara, the "State Defendants"), Town of Ronkonkoma, Commissioner Janet De'Marzo, Department of Social Services, County of Suffolk ("Commissioner De'Marzo") and Social Worker Jennifer Brucato, Department of Social Services, County of Suffolk ("Social Worker Brucato"). Plaintiff, who is currently incarcerated for armed robbery, claims that Defendants conspired to deprive him of child visitation rights in violation of his rights under the United States Constitution and New York state law. Presently before me are Plaintiff's motion for a default judgment against "Suffolk County and the Town of Central Islip," and a motion to dismiss filed by the State Defendants.[1]

---

[1] The parties refer to the unidentified court clerks as both "John and Jane Doe" and "Joe and Jane Doe."

1

For the reasons set forth below, Plaintiff's motion for a default judgment is denied, and the State Defendants' motion to dismiss is granted.

II. Background

Plaintiff initiated this action on April 25, 2005. Plaintiff's complaint was not accompanied by either the required filing fee, or an application to proceed *in forma pauperis*. On May 12, 2005, the *pro se* staff attorney sent a letter to Plaintiff advising him that he was required to pay the filing fee or submit an application to proceed *in forma pauperis*. The letter also stated that failure to pay the fee or proceed *in forma pauperis* could result in the dismissal of the action. (May 12, 2005 Letter from Allen Jay Herzfeld to Plaintiff). On June 13, 2005, Plaintiff filed a motion for leave to proceed *in forma pauperis*. On June 17, 2005, the *pro se* staff attorney sent a letter to Plaintiff informing him that his June 13 application was deficient because it did not include a completed 'Prisoner Authorization Form,' a copy of which was included in the letter. Plaintiff was again advised that failure to comply could result in the dismissal of the action. (June 17, 2005 Letter from Allen Jay Herzfeld to Plaintiff).

Plaintiff paid the filing fee on July 6, 2005. On July 26, 2005, Lorraine Sapienza, *pro se* paralegal, sent a letter to Plaintiff informing him that he was responsible for serving the summons and complaint. (July 26, 2005 Letter from Lorraine Sapienza to Plaintiff). Ms. Sapienza explained the methods by which Plaintiff could effect service, and advised him that he must do so within one-hundred and twenty (120) days of the filing of the complaint. On November 14, 2005, Plaintiff filed a letter with the Court indicating that (1) a "Notice of Law Suit and Waiver of Summons were delivered by First Class Regular Mail upon defendants, D. Freundlich, R. O'[M]ara, Christine Malafi - for the County of Suffolk and Town of Central Islip,

Joseph Sawicki - for the County [of] Suffolk and the Town of Central Islip, John and Jane [D]oe, court clerks," (Nov. 14, 2005 Letter), and (2) "Defendants, Desiree and Steven Behr, [J]ennifer Brucato, Janet De'Marzo, and the [T]own of Ronkonkoma have not and will not be served and [are] released from any liability." (Id.). Plaintiff also stated that "[a] motion pursuant to the Fed. R. Civ. P. requesting service by the court, will follow shortly." (Id.).

On December 5, 2005, Plaintiff filed a motion for a default judgment against "Suffolk County and The Town of Central Islip," but has not filed a Clerk's Certificate of Default for either of these defendants. Suffolk County responded to the default judgment application on January 30, 2006; the Town of Central Islip has not, to date, responded.

On March 21, 2006, the State Defendants filed a motion to dismiss. Plaintiff filed a letter with the Court on March 24, 2006, stating that he "opted not to respond to the Defendants [sic] motion for dismissal, because if the Court considers granting the Defendants [sic] motion to dismiss, and does so. [sic] The Court should also include in its order time for the Plaintiff to amend the defects within his complaint." (Mar. 24, 2006 Letter) (capitalization altered).

III. Analysis

    A. Plaintiff's *Pro Se* Status

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a

*pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

B. Default Judgment

Fed. R. Civ. P. 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Plaintiff's application for a default judgment is governed by Local Rule 55.2 for the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 55.2"). Under this rule, "the party seeking judgment by default shall apply to court as described in Federal Rule of Civil Procedure 55(b)(2), and shall append to the application (1) the clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Local Rule 55.2(b). Since Plaintiff did not file a clerk's certificate of default against either "Suffolk County" or "The Town of Central Islip," Plaintiff's motion for a default judgment is denied.

C. Motion to Dismiss

1. Official Capacity

Plaintiff seeks monetary damages, totaling one million and fifty-thousand dollars ($1,050,000), from the State Defendants. (Cmplt. ¶¶ 97, 99, 101, 107, 109). When a state official is sued for damages in his or her official capacity, the suit is deemed an action against the state. Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993). Under such circumstances, "the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." Id. (citing, inter alia, Kentucky v. Graham, 473 U.S. 159, 166-67 (1985)); see also

Seminole Tribe of Florida v. Florida, 134 L. Ed. 2d 252 (1996). The State Defendants, to the extent sued in their official capacity, are entitled to immunity under the Eleventh Amendment, and Plaintiff's claims as against them are dismissed.

  2. Personal Capacity

    a. Judges

Judges are absolutely immune from liability for judicial acts, however erroneous the act and however evil the motive. Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967). "Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." Butz v. Economou, 438 U.S. 478 (1978). Judicial immunity to suit is abrogated in only two situations. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11 (1991) (citations omitted). Plaintiff does not allege that the Judge Freundlich was acting beyond his judicial capacity or in the clear absence of jurisdiction. Judge Freundlich is therefore entitled to absolute immunity from all of Plaintiff's claims, and any claims asserted against him are dismissed.

    b. Clerk of Court

Judicial immunity extends to "certain others who perform functions closely associated with the judicial process." Cleavinger v. Saxner, 474 U.S. 193, 200 (1985). Thus, officials whose responsibilities are "functionally comparable" to those of a judge are also absolutely immune from liability. Butz v. Economou, 438 U.S. 478 (1978). This immunity covers, inter alia, court clerks with respect to "performance of tasks which are judicial in nature and an

integral part of the judicial process." Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997). Although "[a] court clerk may not be entitled to absolute immunity in all cases," id., Plaintiff has failed to offer any non-conclusory allegations of bad faith by Clerk O'Mara. He is therefore entitled to immunity, and any claims asserted against him in a personal capacity are hereby dismissed.

c. John and Jane Doe

Plaintiff asserts claims against John and Jane Doe. To the extent these unnamed defendants are judges or court clerks assisting in the performance of judicial functions, they are immune and Plaintiff's claims are dismissed. Furthermore, even if these defendants are not within the scope of those entitled to judicial immunity, Plaintiff's complaint is devoid of basic information regarding these individuals or allegations as to how they allegedly deprived him of his rights. Wright v. Smith, 21 F.3d 500, 501 (1994). Therefore, these claims are dismissed.

D. Remaining Claim

The only remaining claim is against the Town of Central Islip. Plaintiff alleges that "Defendant Town of Central Islip, as a Municipality, [n]egligently failed to properly train and supervise its Officers and Employees." (Cmplt. ¶ 5). As a result of this alleged failure to train and supervise, Plaintiff claims that he was subjected to "unconstitutional deprivations . . . ." (Id. ¶ 109). These are the only allegations against Central Islip.

A frivolous claim may be dismissed *sua sponte* even when plaintiff has paid the filing fee. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000); see also Mallard v. United States District Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little

6

doubt they would have power to do so even in the absence of this statutory provision.").

Plaintiff has not offered a single substantive allegation in support of his failure to train and supervise claim. Furthermore, to the extent Plaintiff's claim against the Town of Central Islip is based on a theory of *respondeat superior*, such a claim is plainly frivolous. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Plaintiff has also failed to offer any non-conclusory allegations indicating that his alleged injury stemmed from a policy or custom of the municipal defendant. Therefore, Plaintiff's claims against the Town of Central Islip are dismissed as frivolous.

E.  Leave to Amend

Plaintiff seeks leave to amend his complaint. Although Fed. R. Civ. P. 15(a) states that leave to amend should be given freely, "it is well established that leave to amend a complaint need not be granted when amendment would be futile." Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003). Because any amendment would be futile, Plaintiff's motion for leave to amend is denied.

IV.  Conclusion

Plaintiff's motion for entry of a default judgment is DENIED. The State Defendants' motion to dismiss is GRANTED, and the claims against the Town of Central Islip are DISMISSED. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: July 6th, 2006
Central Islip, New York

To:

James Lynam
94-A-5825
Wallkill Correctional Facility
Rt. 208 Box G
Wallkill, NY 12589


Susan M. Connolly
N.Y.S. Office of the Attorney General
300 Motor Parkway
Suite 205
Hauppauge, NY 11788